**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GARY COMBS,

       Plaintiff,

vs.                                      Case No. 3:16-cv-1199-J-34JBT

USAA CASUALTY INSURANCE
COMPANY, ANDREW PORTER,
and ZACHARY A. PORTER,

       Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 21, 2016, Defendant USAA Casualty Insurance Company (USAA), the sole defendant at the time, filed Defendant USAA Casualty Insurance Company's

Notice of Removal (Doc. 1; Notice) removing this case to the United States District Court for the Middle District of Florida. See generally Notice. In support of removal, USAA invoked federal diversity jurisdiction, and alleged that Plaintiff Gary Combs is a citizen of Florida, USAA is "a foreign corporation, incorporated under the laws of Texas with its principal place of business in San Antonio, Texas," and the amount in controversy exceeds $75,000. Id. at 1-2. Accordingly, at the time of removal, USAA alleged sufficient facts to establish the Court's diversity jurisdiction over this action.

Following removal, on November 2, 2016, Combs sought leave to amend his Complaint (Doc. 2) to add two additional defendants, Andrew Porter and Zachary A. Porter. See Motion to Amend Complaint (Doc. 6). USAA did not oppose this request, and on November 3, 2016, the Magistrate Judge granted Combs leave to amend. See Order (Doc. 7). Accordingly, on November 8, 2016, Combs filed his First Amended Complaint (Doc. 10; Amended Complaint) naming USAA, Andrew Porter, and Zachary A. Porter as defendants to this action. See Amended Complaint at 1-2. In the Amended Complaint, Combs asserts state law claims premised on breach of contract, negligence, and vicarious liability. See generally Amended Complaint. Notably, neither Plaintiff's Motion to Amend Complaint, nor the Amended Complaint address a basis for this Court's subject matter jurisdiction over the Amended Complaint. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Indeed, 28 U.S.C. § 1447(e) provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State

court." Accordingly, the Court must determine whether the joinder of Andrew Porter and Zachary A. Porter has destroyed the Court's subject matter jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the Amended Complaint, Combs alleges that Andrew Porter was a "resident of Warwick, Rhode Island," and that Zachary A. Porter "was a resident of Clay County, Florida." See Amended Complaint at 1-2. However, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Because the Amended Complaint discloses the residence of the Porter Defendants, rather than their respective domiciles or states of citizenship, the Court does not have the facts necessary to establish its subject matter jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'"). Moreover, if Florida is Defendant Zachary A. Porter's state of citizenship, as the allegation regarding his residence appears to indicate, then diversity jurisdiction is destroyed in light of the allegation in the Notice that Plaintiff Combs is a citizen of Florida as well. See Notice at 2. If so, in the absence of any other basis for federal subject matter jurisdiction, this case must be remanded to state court.

3

See Ingram v. CSX Transp., Inc., 146 F.3d 858, 861-62 (11th Cir. 1998) ("The district court had no discretion to add the [non-diverse entity] as a defendant, retain jurisdiction and decide the case on the merits. . . . The district court chose to permit the diversity-destroying joinder and, as a result, it should have remanded this action to [the state] circuit court.").

In light of the foregoing, the Court will direct the parties to file a notice identifying the respective states of citizenship of Andrew Porter and Zachary A. Porter, and addressing whether this action is due to be remanded to state court in light of the Amended Complaint. Accordingly, it is

**ORDERED**:

The parties shall have up to and including **November 28, 2016**, to file a notice identifying the respective states of citizenship of Defendants Andrew Porter and Zachary A. Porter, and addressing whether this action is due to be remanded to state court in light of the Amended Complaint.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of November, 2016.

*(signature)*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties